### In the United States District Court
### for the District of Utah, Central Division

| | |
|---|---|
| LEONARD LOVETT,<br><br>        Plaintiff,<br><br>vs.<br><br>KEY ENERGY SERVICES, INC.,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION RE: CHOICE OF LAW<br><br>Case No.  2:03cv1034 |

       This matter is before the court on plaintiff's Motion in Limine and defendant's Cross Motion in Limine regarding Choice of Law.  The matter has been fully briefed and oral argument was heard on October 27, 2005.  Now being fully advised and having duly considered the matter, the Court issues its Memorandum Decision and Order.

### BACKGROUND

       This is an action that arises out of injuries sustained by plaintiff on July 14, 2003, as he was servicing an oil and gas well as a foam operator, between Rifle and Rangely, Colorado.  At the time of the accident plaintiff was an employee of Weatherford and was working alongside employees of Key Energy, a Texas corporation with offices in several states including Colorado.  Key Energy admits liability because its employees' negligence caused the accident.  At the time of the accident plaintiff was living in Vernal, Utah, and was treated for his injuries and received workers compensation in Utah; plaintiff later moved to California.

ARGUMENTS

Plaintiff contends that Utah law should apply because in weighing the four contacts of the "most significant relationship test," Utah law prevails. In response to this argument, defendant argues that Colorado law and its $250,000 damages cap should apply because under the factors Colorado has the "most significant relationship." The court has considered these arguments and finds that Utah law should apply.

ANALYSIS

Because Utah is the forum state in this action, Utah's choice of law rules apply. In Utah, the "most significant relationship" approach as described in the Restatement (Second) of Conflict of Laws informs our analysis. *See Waddoups v. Amalgamated Sugar Co.,* 54 P.3d 1054, 1059 (Utah 2002). The "most significant relationship" test is set forth in Restatement of Laws § 145(2):

> (2) Contacts to be taken into account in applying the principles of §6 to determine the law applicable to an issue include:
>
> (1)  the place where the injury occurred,
> (2)  the place where the conduct causing the injury occurred,
> (3)  the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (4)  the place where the relationship, if any, between the parties occurred.

The Tenth Circuit in *Johnson v. Yates,* 39 F.3d 1192 (10th Cir. 1994)(unpublished opinion), stated that "none of the applicable choice-of-law factors is controlling, and the factors must be evaluated according to the type of case involved." *Id.* (citing *Brickner v. Gooden*, 525 P.2d 632, 637 (Okla. 1974)). In *Johnson*, the Tenth Circuit also stated that courts should consider § 6(2) of the Restatement in weighing the

factors under § 145. *Id*. The Colorado Court of Appeals also relied on the factors in §6(2), and stated "section 145 requires that in making such an evaluation and in assigning a relative importance to each significant contact, the various factors of § 6 of the Restatement must be analyzed. Those factors are:

> (a) the needs of the interstate and international systems,
> (b) **the relevant policies of the forum**,
> © the **relevant policies of other interested states** and the relative interests of those states in the determination of the particular issue,
> (d) the **protection of justified expectations**,
> (e) the basic policies underlying the particular field of law,
> (f) certainly, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied."

*Sabell v. Pacific Intermountain Express Co.*, 536 P.2d 1160, 1164 (Colo. App. 1975)(emphasis added).

### Applying Factors from § 6(2)

In evaluating the relevance of the principles listed in § 6(2) of the Restatement this Court considers public policy of both the forum state (Utah) and the other interested state (Colorado). In this evaluation, the Court considers all the § 6 principles, but finds some to be more relevant to this case than others. Clearly, Utah has a strong public policy and interest in the determination of this case because "Utah has a declared interest in enabling its resident workers to bring a negligence action against other responsible parties. . .." *Littlefield v. Mobile Exploration and Producing, North America, Inc.*, 988 F.Supp. 1403, 1407 (D. Utah 1996)(citing *Shaw v. Layton Construction Company Inc.*, 872 P.2d 1059, 1064 (Utah App. 1994)). Utah has an interest in making it possible that its residents be able to recover damages for an injury

that its citizen residents sustain and from which the injury is treated and all medical bills are for treatment in Utah. Important in this connection is the fact that a Utah resident takes advantage of State benefits to recover from such injury. Also, the § 6 principle of justified expectations in applying Utah law weigh in Utah's favor because it would be expected that Utah law would apply rather than Colorado law due to the numerous ties that plaintiff has with Utah versus the very thin tie defendant has to Colorado. Plaintiff's ties to Utah include: he lived in Utah, worked in Utah, had his surgery in Utah, received all his medical treatment and physical therapy in Utah, and received his medical and workers compensation benefits in Utah. In contrast, the defendant is a Texas corporation, with one of many offices of operation in Colorado.

In the case at bar, Colorado has no public policy or interest in the determination of this case. Neither party is a resident or a business incorporated in Colorado. Defendant does do some business in Colorado, but its headquarters and principal place of business is located in Texas. Colorado has no interest in applying its protective damage cap to a Utah resident or a non-Colorado corporation – such as a Texas corporation.

The public policy of Colorado is to protect with a damage cap of $250,000 Colorado corporations from being subjected to lawsuits where large verdicts can be awarded. Defendant would not qualify for that protection.

The Court applies in part the § 6 principles here discussed in weighing the contacts set forth in § 145 for the "most significant relationship" test.

<u>Most Significant Relationship Test</u>

In analyzing the "most significant relationship test," this Court is mindful that it "must evaluate and assign a relative degree of importance to each contact with respect to the **particular issue under consideration**." *Dorr v. Briggs*, 709 F.Supp. 1005, 1006 (D. Colo. 1989)(emphasis added). In this case the parties have stipulated the existence of liability, so the only relevant issue before the Court is damages. In *Dorr*, the District Court of Colorado stated, "[t]he relationship the parties have with a particular state has the greatest effect upon which of such rules of recovery should apply . . . 'rules of conduct' are more closely related to the state where the conduct occurs while 'rules of recovery' relate more clearly to the state with which a party is identified." 709 F.Supp. at 1007 (citing *Sabell*, 536 P.2d at 1165-66). Therefore, in applying the test, this Court finds that the contacts under (3) and (4) of the test weigh more heavily than the first two contacts in a damages case.

"Rules of conduct" (contacts 1 & 2) are most closely akin to ascertaining liability in the state where the conduct occurred, while "rules of recovery" (contacts 3 & 4) are most closely akin to the determination of damages. However, under contact (1), that factor is partially split because even though the injury occurred in Colorado, all of the effects of that injury were suffered in Utah. This is so because immediately after the injury occurred in Colorado plaintiff returned to Utah and had his surgery. He was treated by Utah doctors and experienced much of his pain and suffering in Utah. His therapy was done in Utah and his lost income occurred in Utah.

Under contact (2), that factor weighs in favor of Colorado because the conduct causing the injury occurred there. Accordingly, the Court assigns and finds that

factor (1) does carry approximately equal weight between Utah and Colorado because of the impact of the location where the injury was suffered in Colorado and treated in Utah. Thus contact (1) has significant bearing upon the issue of damages because the effect of the injury was suffered in Utah and this suffering has a direct relationship to damages. The Court finds that contact (1) on the issue of damages should be split approximately evenly between Utah and Colorado, and that contact (2) should be discounted with little or no impact upon the issue of damages in that it clearly has to do with liability.

Under contact (3), that factor weighs heavily in favor of Utah. The Court considers this to be the most important factor to be considered in the most significant relationship test *in this case*. Under contact (3), the Court considers domicile, residence, nationality, place of incorporation and place of business of the parties. This contact on the issue of damages weighs heavily in favor of the plaintiff because "when the interest affected is a personal one . . . domicile, residence and nationality are of greater importance than if the interest is a business or financial one." Restatement (Second) Conflict of Laws § 145, Comment on Subsection (2)(e). In this case, plaintiff was a resident of Utah when his injury was incurred and then suffered the effects of his injury in Utah and received treatment in Utah. The policy considerations analyzed above in § 6(2) support the determination that Utah has a strong interest in protecting its residents from tortfeasors and to enable them to recover for their injuries. Plaintiff was living and working in Utah at the time of the injury. Therefore, Utah has a greater interest. Utah also has a greater interest in this case in protecting its own resident, than Colorado does in protecting the interest of a non-resident plaintiff or a Texas-based corporation.

Defendant argues that plaintiff has since moved from Utah and is now a California resident. However, the Court finds this argument unpersuasive and agrees with *Philips v. General Motors Corp.*, 995 P.2d 1002, 1013 (Mont. 2000), in which the Court declared that "the relevant residence of the plaintiff is the residence at the time of injury." The Court finds that ruling to be persuasive because Utah was the relevant residence at all times in which care was provided for plaintiff's injury. The Court weighs this factor as having an important and heavy impact upon the issue of damages, and that under this factor Utah has the most significant contact. Virtually no significant weight under contact (3) on the issue of damages should be balanced in favor of Colorado.

This Court considers that contact (4), does not weigh in favor of either party. Contact (4) states "the place where the relationship, <u>if any</u>, between the parties is centered." Restatement (Second) Conflict of Laws § 145(2) (emphasis added). This contact is potentially relevant in cases where there is a contract between parties and the injury occurs within the scope of the contract. This doesn't apply here because the only relationship, if any, between the parties in this case is that the injury occurred in Colorado. That matter has already been taken into account by the Court in weighing the first two contacts that were considered. In the case at bar, there was no contract between the parties and they had no relationship. Since no relationship exists between the parties, this Court discounts the impact of contact (4) as having little or no bearing upon the issue of damages in this case.[1]

---

[1] The Court finds support in not considering the fourth factor from *Lewis-DeBoer v. Mooney Aircraft Corp.,* 728 F.Supp. 642, 645 (D. Colo. 1990), where that court stated "the only relationship between the parties was through the deceased pilot who visited defendant's Texas facility once . . . I do not consider this factor."

The Court has considered all the principles of § 6(2) of the Restatement and has applied those principles to the four contacts of § 145 of the Restatement. From the foregoing analysis, this Court has decided that Utah has the most significant relationship with the parties and Utah law should apply. In addition to having the most significant relationship with the parties, the contacts and principles weigh heavily in favor of Utah when the Court looks at policy considerations and applies those principles to the narrow issue of damages.

Based upon the above, the Court finds that Utah has the most significant relationship to the issue of damages, and that Utah – not Colorado – law applies.

Accordingly, it is hereby

ORDERED, that Plaintiff's Motion in Limine regarding Choice of Law is GRANTED, and that Defendant's Cross-Motion in Limine regarding Choice of Law is DENIED.

DATED this 3nd day of November, 2005.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE